UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO BRANCH

| | |
|---|---|
| STEPHANIE ELLEN WATSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, and DOES 1-20, Inclusive,<br><br>　　　　　　Defendants | CASE NO.  1:05-CV-00225-REC-LJO<br><br>**STIPULATED PROTECTIVE ORDER BY THE PARTIES RE: DOCUMENTS AND INFORMATION PRODUCED BY FORD MOTOR COMPANY**<br><br>DATE OF FILING: December 23, 2004<br>TRIAL DATE:　　October 2, 2006 |

SUBJECT TO THE APPROVAL OF THIS COURT, IT IS HEREBY STIPULATED AND AGREED, by and between Todd Tracy, Esq. of TRACY & CARBOY and James P. Carr, Esq. of the LAW OFFICES OF JAMES P. CARR, A.P.C., attorneys for Plaintiff STEPHANIE ELLEN WATSON ("Watson"), and Robert J. Gibson, Esq., Alexander L. Conti, Esq. and Soo Y. Lin, Esq. of Snell & Wilmer L.L.P., attorneys for Defendant FORD MOTOR COMPANY ("Ford"), that in order to facilitate discovery in the above entitled action, wherein Plaintiff seeks to obtain, inspect and copy documents and/or things which Ford contends

contains proprietary, trade secret and other confidential information of Ford, the following Stipulation and Protective Order shall be submitted to the Court.

TERMS OF PROTECTIVE ORDER

1.   When used in this Stipulation and Protective Order, the word "documents" means all written material, videotapes, live-action film and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise included on Ford's website forddocs.com.

2.   Ford may designate documents produced in discovery as "Produced By Ford Subject To Protective Order" including such documents contained on forddocs.com.  Said designation shall make such documents and all copies, prints, or other reproductions of such information subject to this Stipulation and Protective Order.  All such designated documents provided after the date of this stipulation shall be clearly stamped or labeled "Produced By Ford Subject To Protective Order" or "Confidential Information."  If the "protected" stamping contained on the documents produced by Ford in any way intrudes on or interferes with the readability of the document, upon request by Plaintiff or Plaintiff's counsel, Ford will produce a new copy of the identified document with markings that do not intrude on or interfere with the readability of the document.

3.   By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, the party

making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

    4.    The documents which Ford shall designate as "Produced By Ford Subject To Protective Order" or "Confidential Information" will be those documents that Ford contends constitute trade secret, proprietary or confidential business information (hereinafter, "Confidential Information"). Confidential Information shall include information about the business, products, practices or procedures of Ford and its agents which, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not have a need to know. This information includes confidential and proprietary information, and documents or things which concern, reflect, embody or constitute the foregoing and may include, but shall not be limited to, correspondence, memoranda, notes, deposition transcripts and exhibits, plans, specifications, blueprints, drawings, test reports, test procedures and test manuals.

    5.    After the production of documents under the terms of this Stipulation and Protective Order, Plaintiff may file notifications of her objection to such designation, along with a statement which shall contain a listing of the specific documents to which Plaintiff takes exception and assert her objections. With regard to those documents to

which Plaintiff objects, and subject to **genuine, legitimate and good faith** meet and confer between the parties in an effort **genuinely** to resolve such dispute, Plaintiff may request, should the parties be unable to resolve the dispute, a hearing before the Court in order that a judicial determination can be made as to the status of the documents at issue.

6. All documents that are designated "Produced By Ford Subject To Protective Order" or "Confidential Information" shall be accorded such confidential status until such time as the parties formally agree in writing to the contrary or determination is made by the Court as to such status.

7. Except as provided for in the paragraphs below, Plaintiff shall keep all Confidential Information confidential from all persons.

8. Information and documents subject to this Stipulation and Protective Order may be disclosed only to the (a) parties above named, (b) attorneys for the parties above named, (c) the paralegal and clerical staffs of the attorneys for the parties above named, and (d) experts and consultants retained by the parties above named for assistance in trial preparation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit, and only after the person to whom disclosure is

made has been informed of the terms of this Stipulation and Protective Order and has agreed to be bound by this Stipulation and Protective Order.

9. In the case of the persons described in paragraphs 8(c) and 8(d) above, an agreement acknowledging the Stipulation and Protective Order and agreeing to be bound by same (Exhibit "A" annexed hereto) shall be executed and delivered to, and maintained by, Plaintiff's counsel, prior to the delivery of said protected documents to the staff personnel, expert or consultant.

10. All persons described in paragraph 8 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Ford's Confidential Information.

11. The parties shall act to preserve the confidentiality of Confidential Information.

12. If Confidential Information, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and filed under seal until further order of this Court.

13. In the event a party to this litigation seeks to file Confidential Information in connection with a challenge to the "Confidential" designation, a discovery motion, or discovery proceeding, the party, prior to filing any such documents, must first notify all parties in writing, of

their intent to file or their intent to lodge with the Court any Confidential Information.  This notice shall identify each document the party intends to file or intends to lodge with the Court.  If the designating party serves a Notice of Intent to Seal pursuant to U.S. District Court – Eastern District, Local Rule 39-141 and thereafter files such a motion or application to have the Confidential Information filed under seal, during the pendency of such motion, the receiving party shall refrain from filing or lodging such materials with the Court until the Court rules on the designating party's motion or application.

14.  In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15.  To the extent that any Confidential Information is used in the taking of depositions, such portions of such depositions shall be taken only in the presence of those persons identified in paragraph 8 above and the court reporter, and all such Confidential Information shall remain subject to the provisions of this Stipulation and Protective Order, along with the transcript pages of the deposition testimony dealing with the Confidential Information.  At the time any Confidential Information is used in any deposition, the reporter will be informed of this Stipulation and Protective Order and will be required to operate in a manner

consistent with this Stipulation and Protective Order, and the reporter shall separately label the confidential portions of the deposition transcript.

16. This Stipulation and Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents containing Confidential Information into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at or before the trial.

17. Upon termination of this lawsuit, by judgment or settlement, the provisions of this Stipulation and Protective Order shall continue to be binding, except with respect to those documents and information that properly become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Stipulation and Protective Order following such termination of this lawsuit. Further, upon such termination of this lawsuit, Plaintiff's counsel and Plaintiff's retained experts and consultants shall return to Ford's counsel, at Ford's expense, all documents received under this Stipulation and Protective Order, including all copies and other reproductions of such information in the possession of Plaintiff, Plaintiff's counsel or Plaintiff's

retained consultants or experts.  All persons, including counsel, who have received documents subject to this Stipulation and Protective Order, shall execute a declaration (Exhibit "B" annexed hereto) acknowledging that they have complied with the Stipulation and Protective Order and that no copies of documents containing Confidential Information have been retained.  Plaintiff's counsel shall forward the declarations signed by Plaintiff's retained experts and consultants who were designated or disclosed during this case to Ford's counsel.  In the case of consultants retained by Plaintiff's counsel who were not disclosed or designated to Ford, Plaintiff's counsel will execute and deliver to Ford's counsel a declaration acknowledging that Plaintiff's retained experts and consultants have signed Exhibit "B" declaring that they have complied with the Stipulation and Protective Order.

18.  This Stipulation and Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, including but not limited to the rules of discovery and the rules of evidence, at any time including at the time of trial.

19.  This Stipulation and Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties.  If any provision of this Stipulation and Protective Order shall be held invalid for any reason

whatsoever, the remaining provisions shall not be affected thereby.

20. The inadvertent production of Confidential Information in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive whatever privilege that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party promptly, after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity.

21. This Stipulation and Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SO STIPULATED:

DATED: November ___, 2005    TRACY & CARBOY

```
                              BY:  _____

                                   Todd Tracy
                                   Attorney for Plaintiff
                                   STEPHANIE ELLEN WATSON


DATED:  November ___, 2005    LAW OFFICES OF JAMES P. CARR,
A.P.C.



                              BY:  _____

                                   James P. Carr
                                   Attorney for Plaintiff
                                   STEPHANIE ELLEN WATSON


DATED:  November ___, 2005     SNELL & WILMER L.L.P.



                              BY:  _____
                                   Robert J. Gibson
                                   Alexander L. Conti
                                   Soo Y. Lin
                                   Attorneys for Defendant
                                   FORD MOTOR COMPANY
```

IT IS SO ORDERED.

**Dated:     December 8, 2005    **66h44d
        **/s/ Lawrence J. O'Neill**
UNITED STATES MAGISTRATE JUDGE